UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THE LANCE AND LINDA NEIBAUER JOINT TRUST

Plaintiff,

v.                                        Case No.: 1:17-MC-24100-CMA

MICHAEL J. KURGAN,

Defendant.

_____/

**NON-PARTY MATESCO, INC., NON-PARTY SERVICE WING SOLUTIONS, INC., NON-PARTY ELISABETH GONZALEZ, AND MICHAEL KURGAN'S,  OBJECTION TO NONPARTY SUBPOENAS
AND MOTION FOR PROTECTIVE ORDER**

COMES NOW NON-PARTY MATESCO, INC., NON-PARTY SERVICE WING SOLUTIONS, INC., NON-PARTY ELISABETH GONZALEZ, AND MICHAEL KURGAN'S, OBJECTION TO NONPARTY SUBPOENAS AND MOTION FOR PROTECTIVE ORDER, and through undersigned counsel, and pursuant to Fed. R. of Civ. P. 45, hereby objects to Plaintiff's Subpoenas served upon NonParty, CITIBANK, N.A., and moves this Court for a Motion for Protective Order, thereby denying Plaintiff the right to subpoena documents from CITIBANK, N.A., Exhibits A – C, for the following reasons cited below:

DECLARATION REGARDING MEET AND CONFER

Pursuant to local rules, Counsel for the individual movants Defendant Michael Kurgan and Non Party Elisabeth Gonzales, and Nonparties, MATESCO, SERVICE WING HEALTHCARE and SERVICE WING SOLUTIONS, met and conferred in good faith with Plaintiff's counsel both by phone and email and could not reach an agreement.

OBJECTIONS

1.     That Plaintiff is seeking to compel documents from Nonparty, CITIBANK, N.A., seeking confidential business information and records related to Nonparties, MATESCO, SERVICE WING HEALTHCARE and SERVICE WING SOLUTIONS, in this case who are now objecting and seeking a protective order from this Court in response. A copy of said subpoenas are attached as Exhibit "A", Exhibit "B" and Exhibit "C".

2.     That Plaintiff's request are overbroad and invade the privacy of the employees and customers of the non-parties;

3.     That the discovery is not intended to inquire into the discoverable assets of the judgment debtor, but are solely intended to harass or annoy the Defendant by interfering with the ongoing operation of the non-party companies its customers and employees. The discovery could have, and should have been instead directly propounded to the individual non-party entities so that the non-parties could assert a request for a protective order or assertion of privileges depending on the information in the possession of the bank which is going to be produced.  Instead the information was over-broad and it is unknown and unclear what proprietary information is held by the non-party bank.  The non-parties should be given an opportunity to review the information being provided and move for a protective order or in camera review prior to the documents being produced.  Movants will suffer a "clearly defined and serious injury" (*Transcor, Inc. V. Furney Charters, Inc.*, 212 F.R.D. 588, 592-93 (D. Kan.2003).  As Kurgan states in his affidavit, "The court should issue a protective order preventing the disclosure of confidential and proprietary information, client names, bank and wiring information from clients of the non-moving party (for fear that the Plaintiff will contact the non-moving parties customers and harass and annoy them); interfere with the ongoing operation of the business; and protect the non-party business from allowing the Plaintiff to interfere with the business relationships with the non-moving parties

customers.  The Plaintiff has already shown itself to over-reach, attach tenancy by the entirety accounts; contact parties in other lawsuits; threaten the Defendant with contempt and jail; and even subpoenaed attorney client communications.  It is not unreasonable to assume that they will harass and annoy customers of the non-moving entities unless this court enters a protective order preventing this, and holding an in camera review of the discovery before it is produced to the Plaintiff." See Declaration of Michael Kurgan.

4.      That the discovery is seeking information on Elisabeth Gonzalez and Michael Kurgans tenant by the entirety bank account assets which are exempt from judgment enforcement under Florida Homestead Exemption statutes, Florida law, Florida Constitution and US Constitution and Federal Statutes governing enforcement of judgments. The accounts that were jointly held with Kurgan and his Wife, Elisabeth Gonzalez are exempt from enforcement, and the subpoena of those records are simply harassment and an invasion of Elisabeth Gonzales' rights. The Plaintiff has already improperly attached joint accounts, costing the Defendant $300 in bank fees each time they were improperly attached.  When a married couple holds property as tenants by the entireties, each spouse is said to hold it "per tout," meaning that each spouse holds the "whole or the entirety, and not a share, moiety, or divisible part." *Bailey v. Smith*, 103 So. 833, 834 (Fla. 1925). Thus, property held by husband and wife as tenants by the entireties belongs to neither spouse individually, but each spouse is seized of the whole. Therefore, when property is held as a tenancy by the entireties, only the creditors of both the husband and the wife, jointly, may attach the property; it is not divisible on behalf of one spouse alone, and therefore it cannot be reached to satisfy the obligation of only one spouse. See *Winters v. Parks*, 91 So. 2d 649, 651 (Fla. 1956).  The Defendant Kurgan and his non-party spouse tenancy by the entirety account should be protected by this court by means of a protective order and a further order should issue

quashing the subpoena seeking information from a tenancy by the entirety bank account. It should be noted that the information sought is duplicative as Kurgan was compelled to produce all bank account records in Oregon, where the court has jurisdiction over him, but now they are seeking information about his wife here, who is not subject to jurisdiction there, and does not consent as a non-party to her personal banking records being invaded by the Plaintiffs.

5.      That the discovery is objected to, on the basis that on its face it seeks attorney-client communications. The discovery specifically demands that attorney communications be produced. The Defendant has no opportunity to review the correspondence, object, and therefore makes a blanket objection and seeks a protective order that any attorney communications be reviewed by the court in camera before they be given to the Plaintiff.

6.      Movants note that the face of the subpoena duces tecum states that it is from the United States District Court for the Southern District of Oregon. The subpoena should have been issued from the Southern District of Florida. (Fed. R. Civ. P.45(a)(2)(c)). Fed. R. Civ. P. 45 (a)(2) (emphasis added). In *Total Containment, Inc.*, the court explained that "the geographic limitation in Rule 45(a)(2)(C) relates principally to the location of the documents to be produced, rather than the specified location on the subpoena. *City of Petersburg v. Total Containment, Inc.*, No. 07-191, 2008 WL1995298, * 3 (E.D. Penn. May 5, 2008) (emphasis in original). See also *HallamoreCorp. v. CAPCO Steel Corp.*, 259 F.R.D. 76, 79 (D. Del. 2009) (citing Fed. R. Civ. P.45(a)(2)(C)) (noting that "[t]ypically, a subpoena for production of documents must issue from the district where the documents are located."). Here, the documents are located in the Southern District of Florida, where the accounts were opened and the corporations are located, and where they have their principal place of business. It is therefore been improper for the plaintiff to have issued the subject subpoena duces tecum from the District Court in Oregon. See *Gutescu v. Carey Int'l, Inc.*, No. 01-

4026-CIV, 2003 WL 25589034, *2 (S.D. Fla. June 24, 2003) (citations omitted) (stating that "[t]his Court does not have the power to issue a subpoena duces tecum to . . . a non-party located in New York City, for the production of documents located in the Southern District of New York to a location within this District.").

## STANDARD OF REVIEW

2.       "With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request." *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 521 n. 2 (N.D.Fla.2013) (balancing enumerated factors in deciding motion to quash subpoenas) (quoting *Bozeman v. Chartis Cas. Co.*, No. 2:10-cv-102-FtM-36SPC, 2010 WL 4386826, at *3-4 (M.D.Fla. Oct. 29, 2010)); accord *United Tech. Corp. v. Mazer*, No. 05-80980-CIV-RYSKAMP/VITUNAC, 2007 WL 788877, at * 1 (S.D.Fla. Mar. 14, 2007); Am. Elec. Power Co., Inc. v. United States, 191 F.R.D. 132, 136 (S.D.Ohio 1999). In balancing the need for discovery against the burden imposed on the person from whom documents are sought "the status of a person as a non-party is a factor that weights against disclosure." *Id.*; see also *Schaaf v. SmithKline Beecham Corp.*, No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2 (M.D.Fla. Aug. 4, 2006) ("Courts must also consider the status of a witness as a nonparty when determining the degree of burden; the status of the person as a non-party is a factor often weighing against disclosure."). *Great American Ins. Co. v. VETERAN'S SUPPORT ORG.*, 166 F. Supp. 3d 1303 - Dist. Court, SD Florida

3.       That NON-PARTY MATESCO, INC., NON-PARTY SERVICE WING SOLUTIONS, INC., NON-PARTY ELISABETH GONZALEZ, AND MICHAEL KURGAN, are seeking a protective order based upon the fact that the third party subpoenas are overly broad and seek

information to gather information that is confidential privileged business information related to the companies and the employees of the entities that is both irrelevant and overbroad. Further, the subpoenas do not provide the individuals whose personal information is contained within the documents sought by subpoena without affording those companies and individuals the right to object. Non-party employee pay records, non-party customer banking and non party wiring information, and other non-party privileged information may be contained in the information being sought which is wholly irrelevant and will not likely result in the recovery of any of the money judgment against judgment debtor Kurgan.

4.      That any disclosure of the totality of documents sought by Plaintiff from Nonparty, CITIBANK, N.A., against Nonparties, MATESCO, SERVICE WING HEALTHCARE and SERVICE WING SOLUTIONS, would cause irreparable harm to both corporations and individuals working at said corporations identified in the documents being sought if said information was permitted to be obtained without permission from those whose information is being disclosed.

## JURISDICTION

The information sought relates to the entities whose principal place of business is within this district. NONE of the business entities nor the attorneys or their employees whose information being sought have subjected themselves to the jurisdiction of Oregon, and this is the proper court and venue to hear the motion for protective order as the enforcing jurisdiction under Rule 45. *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014), the U.S. Supreme Court restricted the principle of general personal jurisdiction (whereby a defendant can be sued about anything) involving corporations, limiting this concept to where a corporation is "at home"—essentially its principal place of business or state of incorporation. Id. at 760–61.  Here, the home of the non-party entities

are the Southern District of Florida.  Federal Rule of Civil Procedure 45(b), drafted prior to Daimler, authorizes the issuance of subpoenas to third parties—including corporations—"any place within the United States," without regard to where the entity being subpoenaed is at home. Pre-Daimler law established, however, that courts must have personal jurisdiction over the target of a subpoena in order to enforce it. *E.g., First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 20 (2d Cir. 1998) (enforcement of subpoena must "comport with due process" including the "assertion of personal jurisdiction"); *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (recognizing in Rule 45 context "[t]he principle that courts lacking jurisdiction over litigants cannot adjudicate their rights is elementary, and cases have noted the problem this creates for the prospect of transferring nonparty discovery disputes"); *In re Application to Enforce Admin. Subpoenas*, 87 F.3d 413, 418 (10th Cir. 1996) (nonparty target of administrative agency subpoena must have minimum contacts); *Reinsurance Co. of Am. v. Administratia Asigurarilor de Stat*, 902 F.2d 1275, 1281 (7th Cir. 1990) ("[a] court . . . , when authorized by statute or rule of court, may order a person subject to its jurisdiction to produce documents, objects, or other information relevant to an action"); *Ariel v. Jones*, 693 F.2d 1058, 1061 (11th Cir. 1982) (subpoena quashed "[i]n view of the minimal contacts of the [nonparty] with [the forum]"). See C. Wright & A. Miller, 9A Federal Practice & Procedure §2454, at 398–99 (3d ed. 2008) ("A corporation is amenable to service of a subpoena under Rule 45(b) in any forum in which it has sufficient minimum contacts."); 16 Moore's Federal Practice §108.125, at 108–48 (3d ed. 2008) ("[a] nonparty witness cannot be compelled . . . unless the witness is subject to the personal jurisdiction of the court"). This precedent indicates that Daimler should limit the enforceability of third-party subpoenas to the same extent that it restricts jurisdiction over corporate defendants. The Second Circuit so held in *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014), in the context of discovery in

aid of execution. The plaintiff in Gucci was seeking assets hidden by product counterfeiters, and it subpoenaed information from a Chinese overseas bank in the Southern District of New York, where the banks had offices but were not "at home" under Daimler. After being held in contempt for resisting discovery and execution, the banks appealed. The Second Circuit held that, while there was jurisdiction over the alleged counterfeiters sufficient to freeze their assets, *Gucci,* 768 F.3d at 129–30, personal jurisdiction was lacking over the bank itself, so that the subpoena was unenforceable against it. "A district court . . . must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under [Rule] 45." *Id*. at 141 (footnote omitted).  Here, there is no other jurisdiction that would be suitable to respond to the discovery. These are NON-PARTY Florida Bank accounts and a NON-PARTY entity whose information is being sought by an overbroad set of requests.

The accounts in question are all Florida Accounts, and the businesses whose information being sought are located here.  Even counsel for the corporations are here.

## CONCLUSION

WHEREFORE, Nonparties, MATESCO, SERVICE WING HEALTHCARE and SERVICE WING SOLUTIONS, respectfully requests that this Court quash the subpoena for documents pursuant to Fed. R. of Civ. P. 45 and for the reasons as stated above; enter protective orders; and such other and further relief as the court deems just and adequate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been emailed this  24th  day of April, 2019 to:  Nicholas J. Henderson, Esq. at nhenderson@portlaw.com.

**DCMorales Law**
*/S/DERRICK C. MORALES*
DERRICK C. MORALES
1926 Northeast 154th Street,

Miami, FL, 33162,
(786)567-3391
DCM@dcmoraleslaw.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THE LANCE AND LINDA NEIBAUER JOINT TRUST

Plaintiff,

v.                                                Case No.:

MICHAEL J. KURGAN,                                DECLARATION OF MICHAEL
                                                  J. KURGAN

Defendant.

_____/

1.      I am the Defendant in the above-entitled action.

2.      I declare that the following is true and correct, and those matters which are based on my

information and belief, I believe to be true.

3.      The court should issue a protective order preventing the disclosure of confidential and

proprietary information, client names, bank and wiring information from clients of the non-moving

party (for fear that the Plaintiff will contact the non-moving parties customers and harass and

annoy them); interfere with the ongoing operation of the business; and protect the non-party

business from allowing the Plaintiff to interfere with the business relationships with the non-

moving parties customers.

4.      The Plaintiff has already shown itself to over-reach, attach tenancy by the entirety

accounts; contact parties in other lawsuits; threaten the Defendant with contempt and jail; and even

subpoenaed attorney client communications.

5.      It is not unreasonable to assume that they will harass and annoy customers of the non-

moving entities unless this court enters a protective order preventing this, and holding an in camera

review of the discovery before it is produced to the Plaintiff.

6.      I am the officer of NON-PARTY MATESCO, INC.; an officer of NON-PARTY SERVICE WING SOLUTIONS, INC., and the long time husband of NON-PARTY ELISABETH GONZALEZ.

7.      All of the Citibank Bank Accounts held in the name of Elisabeth Kurgan and Michael Kurgan are held as Tenants by the Entirety and are exempt from enforcement of the judgment.

8.      NON-PARTY MATESCO, INC., NON-PARTY SERVICE WING SOLUTIONS, INC., and NON-PARTY ELISABETH GONZALEZ do not have any contacts with the State of Oregon; do not do business there; do not visit there; do not have customers there; and do not own any real or personal property there and all object to the subpoenas being generated there.

9.      NON-PARTY MATESCO, INC., NON-PARTY SERVICE WING SOLUTIONS, INC., NON-PARTY ELISABETH GONZALEZ all opened their Citibank accounts in this Court's jurisdiction; the signature cards sought were signed here; the banking was done from here; and the entities whose information is being sought were formed here, not Oregon.

10.      Service Wing Solutions has had contracts with the US Government which are very precise and deal with sensitive issues of national security and health of government employees and soldiers.

11.      The discovery propounded is vague, very broad and it is unclear what information the bank has which it would turn over, including attorney client communications and other confidential information.

12.      The vendors, suppliers and customers have confidential information in our banking records, including their names, bank wire or other information that should not be turned over to the Plaintiff, are irrelevant and not likely at all to lead to discoverable information regarding Kurgans assets.

13.     The likely result of the obtrusive nature of these inquiries will be the loss of Defendant's job and damage to the companies, NON-PARTY MATESCO, INC., NON-PARTY SERVICE WING SOLUTIONS, INC.

14.     The continued attachments of NON-PARTY ELISABETH GONZALEZ has already caused great strain on our consortium and relationship and interfered with her banking abilities, cost us both money and made her very upset with the Plaintiff and myself and therefore it is important for the court to enter a protective order, reviewing in camera anything that the bank is going to produce which is tenants by the entirety and the court should further enter an order protecting Elisabeth Gonzalez from any Plaintiff making any further attempts at attachments of those tenants by the Entirety bank accounts.

15.     I am also very worried that if the customers' names and information are provided, the Plaintiff will harass and annoy them, interfere with the ongoing business between the NON-PARTY MATESCO, INC. and NON-PARTY SERVICE WING SOLUTIONS, INC. and their customers.

15.     The Plaintiff has already improperly attached NON-PARTY ELISABETH GONZALEZ tenant by the entirety bank accounts costing us $300 for each attachment which resulted in little to no money going to the Plaintiff, but instead, costing my wife bank charges and legal process fees.

16. NON-PARTY MATESCO, INC. has other employees whose confidential employee information may be contained in the court records.

17.     The court should fashion a protective order preventing the Plaintiff from receipt of confidential banking, customer and employment information of Non-Party Matseco and Non-party Service Wing Solutions employees, customers, and venders.

18.     The code protects movant non-party companies from "disclosing a trade secret or other confidential research, development, or commercial information".

19.     Here our customer lists are protected under various non-circumvent and non-disclosure agreements.   If our competitors were given access to our customer base, they could be compromised or stolen by our competitors.

20.     We have confidential research and proprietary secrets and if the bank has any of that information, the court should protect it by first doing an in camera review of the information the bank intends to turn over, to make sure that it does not contain any of the information which may prejudice the non-party companies or its customers.

21.     The code also protects us from loss of commercial information.

22.     If the court allows the banking and customer information released unredacted to the Plaintiff, the non-party companies commercial information will be prejudiced and the customers likely harassed.

23.     Interference with the commercial information likely held by the bank will not only cost me my job, but damage the income of the company.

24.     I respectfully request that the court perform an in-camera review of all documents which the bank intends on producing. The Defendant would be willing to first review the documents produced by the bank, and suggest to the court which documents should be redacted, the reasons for the redaction, and leave the decision to the court on the information.  I further respectfully request that the court enter a protective order, preventing the Plaintiff from attaching any more of the Tenants by the Entirety Bank accounts belonging to Defendant Kurgan and Gonzales.  I also request that the court enter a protective order preventing the Plaintiff from contacting or harassing any of the customers, employees or venders found in the banking records without first obtaining

leave of court and showing good cause. The non-party companies have multiple non-circumvent, non-disclosure agreements with their customers and vendors.   I respectfully request the court fashion orders to protect those relationships and prevent the Plaintiff from interfering with them. I declare under penalty of perjury that the foregoing is true and correct and I executed this affidavit on April 24, 2019.


*/s/ Michael J. Kurgan*
Michael J. Kurgan

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THE LANCE AND LINDA NEIBAUER JOINT TRUST

Plaintiff,

v.                                              Case No.:

MICHAEL J. KURGAN,                              DECLARATION OF NON-PARTY
                                                ELISABETH GONZALEZ
Defendant.

_____/

1.      I am NOT a named Defendant in the above-entitled action and am a non-party.

2.      I declare that the following is true and correct, and those matters which are based on my

information and belief, I believe to be true.

3.      The court should issue a protective order preventing the Plaintiff from attaching my tenants

by the entirety bank accounts.

4.      Previously, the Plaintiff has already shown itself to over-reach, by attaching my tenancy

by the entirety accounts and costing me bank charges for legal processes even where no money

was taken from our account.

5.      The continued attachments of my tenants by the entirety account has already caused great

strain on our relationship and interfered with my banking abilities, cost us both money and made

me very upset with the Plaintiff and my husband.

6.      It is important for the court to enter a protective order, reviewing in camera anything that

the bank is going to produce which is tenants by the entirety and the court should further enter an

order protecting me from the Plaintiff making any further attempts at attachments of those tenants

by the Entirety bank accounts.

CONCLUSION

I respectfully request that the court enter a protective order, preventing the Plaintiff from attaching any more of the Tenants by the Entirety Bank accounts belonging to Defendant Kurgan and NON-PARTY GONZALEZ.

I declare under penalty of perjury that the foregoing is true and correct and I executed this affidavit on April 24, 2019.

*/s/ Elisabeth Gonzalez*
ELISABETH GONZALEZ

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THE LANCE AND LINDA NEIBAUER JOINT TRUST

Plaintiff,

v.                                                                    Case No.:

MICHAEL J. KURGAN,

Defendant.

_____/

EXHIBITS

EXHIBIT A



Citibank, N.A.
Citi Consumer Subpoena Compliance Unit
701 E. 60th St., North; Mail Code 1251
Sioux Falls, SD  57117
Tel:  (605) 331-1662
Fax:  (347) 809-6937

April 3, 2019

Michael Kurgan
6538 Collins Avenue
#288
Miami Beach, FL  33141

Dear Sir/Madam:

We recently received the enclosed subpoena requiring the production of records and/or information from your credit card account issued by Citibank.  We are providing you with this information with the thought that you may wish to consult an attorney for the protection of any interest that you may have.

*If you have questions regarding the subpoena, you will need to contact either your own attorney or the individual who issued the subpoena.*  Please reference our Case # 9-233538-001 on any future communications about this matter.

Sincerely,

Lee Krege
Subpoena Compliance Unit
(605) 731-3766

Enclosure

03/29/2019 11:43    #177 P.002/006

AO 88A (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| The Lance and Linda Neibauer Joint Trust | ) |
| | ) |
| *Plaintiff* | ) Civil Action No. 6:14-cv-01192-MC |
| v. | ) |
| Michael Kurgan | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                      Citibank, N.A.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit "A" attached to this subpoena.

| Place: 117 SW Taylor Street, Suite 300, Portland, OR 97204 | Date and Time: |
| (Copies may be produced electronically by email to the | |
| attorney signing below) | 04/19/2019 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| | |

The following provisions of Fed. R. Civ. P. 45 are attached    Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/29/2019

CLERK OF COURT                                      OR

_____                           _____
Signature of Clerk or Deputy Clerk                  Attorney's signature

From:

03/29/2019 11:45     #177  P.005/006

# EXHIBIT "A"

## INSTRUCTIONS AND DEFINITIONS FOR REQUESTED DOCUMENTS

1. "Defendant" means Michael J. Kurgan, an individual with social security number ending in 1113.

2. As used herein, the word "document" shall mean the original and any copy, regardless of origin or location of any book, correspondence, pamphlet, periodical, letter, e-mail, computer screens, computer disk or computer program, memorandum, telegram, report, record, study, hand written note, map, drawing, working paper, chart, paper, graph, index, tape, data sheet, data processing card, or any other written, recorded, transcribed, electronically recorded or stored, punched, taped, filmed, photographic or graphic matter, microfiche, or computer disk, computer tape, or any other entry, however produced or reproduced.

3. The term "relating," in addition to its ordinary meaning, shall mean evidencing, concerning, referencing, mentioning, relevant to, connected with, attached to, or otherwise concerning in any manner the requested document(s).

4. The term "You" means Citibank, N.A. and all of its officers, directors, members, managers, employees, agents and attorneys.

5. The terms "Affiliated Parties" and "Affiliated Party" mean Michael Kurgan; Matseco, Inc.; Matseco USA, LLC; V1 Exchange Inc.; International Logistics Systems L.L.C.; Service Wing Healthcare, Inc,; and Service Wing Solutions, Inc.all of its officers, directors, members, managers, employees, agents and attorneys.

## DOCUMENTS REQUESTED

1. Statements for all accounts belonging to any of the Affiliated Parties for the last three (3) years;

2. Account applications and signature cards for all accounts belonging to any the Affiliated Parties;

3. Credit applications submitted by any of the Affiliated Parties during the last five (5) years.

EXHIBIT B



April 2, 2019

MATSECO, INC.
6538 COLLINS AVE APT 288
MIAMI BEACH, FL 33141

RE:   Subpoena in the matter of The Lance and Linda Neibauer Joint Trust v. Michael Kurgan
        Citibank Ref. No: LSI-03292019-233538-002
        Case No.: 6:14-cv-01192-MC

Dear Sir/Madam:

The enclosed subpoena was served upon Citibank requiring the production of records and/or
information from your accounts. We are providing you with this information with the thought
that you may wish to consult an attorney for the protection of any interest that you may have.

Should you have any further questions regarding this case you may want to contact either your
own attorney or the party that issued the subpoena.

Sincerely,

Renae A. Rodriguez
Legal Department
Litigation Support Unit

Citibank, N.A.,  Subpoena Compliance Unit
100 Citibank Dr., Bldg. 1 Floor 2, San Antonio, TX 78245
Phone: 210-357-8893  Fax: 210-468-0236  Email: renae.a.rodriguez@citi.com

From:

03/29/2019 11:49     #177 P.002/005

**LSI-03292019-233538-002**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

## UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| The Lance and Linda Neibauer Joint Trust | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  6:14-cv-01192-MC |
| Michael Kurgan | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                              Citibank, N.A.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit "A" attached to this subpoena.

| Place: 117 SW Taylor Street. Suite 300. Portland, OR 97204 (Copies may be produced electronically by email to the attorney signing below) | Date and Time: 04/19/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached — Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     03/29/2019

CLERK OF COURT

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
The Lance and Linda Neibauer Trust                    , who issues or requests this subpoena, are:
Nicholas J. Henderson; 117 SW Taylor St., Suite 300, Portland, OR, 97204; nhenderson@portlaw.com; (503) 417-0511

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:14-cv-01192-MC

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

[ Print ]   [ Save As... ]   [ Add Attachment ]                    [ Reset ]

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT C

citi

April 2, 2019

MICHAEL KURGAN
ELISABETH GONZALEZ
6538 COLLINS AVE APT 288
MIAMI BEACH, FL 33141

RE:   Subpoena in the matter of The Lance and Linda Neibauer Joint Trust v. Michael Kurgan
       Citibank Ref. No: LSI-03292019-233538-002
       Case No.: 6:14-cv-01192-MC

Dear Sir/Madam:

The enclosed subpoena was served upon Citibank requiring the production of records and/or information from your accounts. We are providing you with this information with the thought that you may wish to consult an attorney for the protection of any interest that you may have.

Should you have any further questions regarding this case you may want to contact either your own attorney or the party that issued the subpoena.

Sincerely,

Renae A. Rodriguez
Legal Department
Litigation Support Unit

Citibank, N.A., Subpoena Compliance Unit
100 Citibank Dr., Bldg. 1 Floor 2, San Antonio, TX 78245
Phone: 210-357-8893  Fax: 210-468-0236  Email: renae.a.rodriguez@citi.com



From:                                                      03/29/2019 11:43    #177 P.002/005

**LSI-03292019-233538-002**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Oregon

| | |
|---|---|
| The Lance and Linda Neibauer Joint Trust | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  6:14-cv-01192-MC |
| Michael Kurgan | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
                                   Citibank, N.A.
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
        See Exhibit "A" attached to this subpoena.

| Place: 117 SW Taylor Street, Suite 300, Portland, OR 97204 (Copies may be produced electronically by email to the attorney signing below) | Date and Time: 04/19/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

        The following provisions of Fed. R. Civ. P. 45 are attached   Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    03/29/2019

| CLERK OF COURT | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
        The Lance and Linda Neibauer Trust                                      , who issues or requests this subpoena, are:
Nicholas J. Henderson; 117 SW Taylor St., Suite 300, Portland, OR, 97204; nhenderson@portlaw.com; (503) 417-0511

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

From:                                                          03/29/2019 11:43      #177 P.003/006

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  6:14-cv-01192-MC

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                        _____
                                                             *Server's signature*

                                                             _____
                                                             *Printed name and title*

                                                             _____
                                                             *Server's address*

Additional information regarding attempted service, etc.:

[ Print ]   [ Save As... ]   [ Add Attachment ]                    [ Reset ]

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

THE LANCE AND LINDA NEIBAUER JOINT TRUST

Plaintiff,

v.                                              Case No.:

MICHAEL J. KURGAN,                              **DECLARATION OF**
                                                **DERRICK C. MORALES**

                                    Defendant.
_____/

**DECLARATION REGARDING MEET AND CONFER**

I am the attorney for the non-moving parties and licensed to practice in this State and this Court.

Over this past week, I have met and conferred with attorney Nicholas J. Henderson, Esq. by phone

and by email, but could not come to any sort of agreement.  After exhausting all attempts to amicably

resolve this dispute, I am now filing for the assistance of this Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 4/24/2019

**DCMorales Law**
*/S/DERRICK C. MORALES*
DERRICK C. MORALES
1926 Northeast 154th Street,
Miami, FL, 33162,
(786)567-3391
DCM@dcmoraleslaw.com

Central Office:
1926 N.E. 154th Street
North Miami, FL 33162

Offices in Homestead
and Ft. Lauderdale
www.dcmoraleslaw.com
dcm@dcmoraleslaw.com
TEL: 786.567.3391
FAX: 786.288.3816